74 F.3d 1248
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lachris Marlene BROWN, Petitioner-Appellant,
v.
Joy HADWIGER, Dan Merritt, and Attorney General of the State
of Oklahoma, Respondents-Appellees.
 No. 94-6379.
(D.C.No. CIV-93-2014-L)
 United States Court of Appeals, Tenth Circuit.
 Jan. 11, 1996.
 
 Before BRORBY, EBEL and HENRY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore submitted without oral argument.
 
 
 2
 Ms. Brown is a state prisoner and a pro se litigant. She sought habeas corpus relief which was denied. She now appeals the denial of relief. We grant Ms. Brown permission to proceed in forma pauperis, exercise jurisdiction, and affirm the judgment of the district court.
 
 
 3
 We begin by noting the record on appeal is not a model of clarity. Ms. Brown commenced this action with a filing of papers nearly one inch thick. Ms. Brown is not a talented writer and her allegations are not clear. The State of Oklahoma responded by continually asserting Ms. Brown failed to exhaust and did little to clarify the record or explain what happened. The district court did not order a Martinez report. The State responded to this appeal by electing not to respond. The net result is this court has a record on appeal nearly three inches thick, most of which consists of Ms. Brown's earnest and sincere allegations which lack clarity and are difficult to comprehend.
 
 
 4
 It appears Ms. Brown's present incarceration stems from two guilty pleas. Ms. Brown pleaded guilty to two separate charges of Larceny of Merchandise From a Retailer after Conviction of a Felony and received two ten-year sentences to run concurrently. Apparently these guilty pleas were entered after a plea bargain which resulted in the sentencing court ignoring Ms. Brown's prior convictions of five other felonies. Ms. Brown was then placed on parole and a parole violation warrant was subsequently issued. To make a long story short, Ms. Brown is now serving her original sentences as a result of her parole violations.
 
 
 5
 Ms. Brown filed her pro se habeas corpus petition which she subsequently amended. While difficult to know precisely of what Ms. Brown complains, it appears the gist of her petition is the alleged illegality of the issuance of the parole violator's warrant and the alleged illegality of her plea agreement.
 
 
 6
 The district court never reached the merits of Ms. Brown's habeas petition. Instead, the district court dismissed the petition as "an abuse of the writ or is successive."
 
 
 7
 Ms. Brown appeals this decision asserting, inter alia, "The Failure of the U.S. Western district court of Oklahoma to address my motion for default and my subsequent motion for injunctive relief for judgment on the pleading for summary judgment," and Ms. Brown further asks this court to "examine state court proceedings for errors of constitutional magnitude."
 
 
 8
 It becomes apparent that Ms. Brown does not understand why the district court took the action it did. According to the Magistrate Judge's Report and Recommendation, Ms. Brown previously filed a habeas corpus petition with the district court "challenging the parole violator's warrant that is attacked herein by urging that the revocation of parole ... violated the plea agreements". The district court found Ms. Brown's present action abused the writ of habeas corpus because she failed to assert the grounds raised in this habeas corpus petition in her previous petition. Further, the district court concluded Ms. Brown failed to show "cause and prejudice" for her failure to raise the present grounds in her first petition and that Ms. Brown failed to show she was innocent of the crimes of conviction.
 
 
 9
 First, we have examined the record and have concluded the district court committed no error by ignoring Ms. Brown's motion for default judgment. The defendant had appeared and the defendant filed a motion to dismiss for failure to exhaust. This posture of the case does not warrant the district court's grant of a default judgment.
 
 
 10
 Secondly, Ms. Brown misconstrues the duty of this court. The law does not mandate that a Court of Appeals will search a state court record in an effort to find constitutional error.
 
 
 11
 Finally, the action and judgment of the district court was correct and in accordance with applicable law. Habeas corpus petitioners should realize they are not entitled to file a second habeas corpus petition with the federal court unless the petitioner properly shows cause and prejudice for the failure to raise the issue in the first petition or unless the petitioner makes a proper showing of factual innocence. Ms. Brown made neither showing. The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3